1  Rachel M. Dollar, Esq. ABN (__7)
   SMITH DOLLAR PC
2  Attorneys at Law
   400 W. Third Street, Suite 182
3  Santa Rosa, CA  95401
   Telephone:     707.522.1100
4  Facsimile:     707.522.1101
   Email:  rdollar@smithdo...  **E-FILING**
5
   Michael A. Rollin, Esq. (SBN 251557)
6  Jason M. Lynch, Esq. (*Pro Hac Vice* Application to be filed)
   Clare Pennington, Esq. (*Pro Hac Vice* Application to be filed)
7  REILLY POZNER & CONNELLY LLP
   511 Sixteenth Street, Suite 700
8  Denver, CO 80202
   Telephone:     (303) 893-6100
9  Facsimile:     (303) 893-6110
   Email:  mrollin@litigationcolorado.com
10 Email:  jlynch@litigationcolorado.com
   Email:  cpennington@litigationcolorado.com
11
   Attorneys for Plaintiff Aurora Loan Services, LLC
12

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15 AURORA LOAN SERVICES LLC f/k/a         CASE NO.:
   AURORA LOAN SERVICES, INC.,
16                                        C07  06502
       Plaintiff,                         COMPLAINT
17 v.                                                          HRL

18 COMUNITY LENDING, INCORPORATED.

19     Defendant.                         **BY FAX**

20

21     Plaintiff, Aurora Loan Services LLC f/k/a Aurora Loan Services, Inc. ("Aurora"), on behalf

22 of Lehman Brothers Bank, FSB ("LBB"), and Lehman Brothers Holdings, Inc. ("LBHI," and with

23 LBB "Lehman"), by and through its undersigned attorneys, and for its causes of action against

24 Defendant, ComUnity Lending, Incorporated ("ComUnity"), alleges and states as follows:

25                      **NATURE OF ACTION**

26     1.     From 1998 until 2007, Lehman and Aurora purchased mortgage loans from

27 ComUnity pursuant to a series of written contracts.  With respect to certain of these mortgage loans,

28 ComUnity breached representations, warranties and covenants in the contracts and certain other

231541

**FILED**

2007 DEC 28  P 2: 08

RICHARD W. WICKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

provisions of the contracts that require ComUnity to repurchase from Lehman and Aurora mortgage loans for which the borrower has failed to make payments on the mortgage. By this action, Plaintiff seeks to: (a) compel ComUnity, pursuant to the terms of the contracts, to repurchase mortgage loans for which Lehman paid approximately $5.4 million, and (b) recover money damages where repurchase is not a viable option or does not offer complete relief for injuries that have been sustained.

## PARTIES

2.      Aurora, formerly known as Aurora Loan Services, Inc., is a Delaware limited liability company with its principal place of business in Littleton, Colorado. Aurora is a wholly owned-subsidiary of LBB. LBB is the sole owner/member of Aurora. (*See* Plaintiff's Disclosure and Certification of Interested Parties.)

3.      LBB is a federal savings bank operating under Federal Charter, which designates Wilmington, Delaware as its home office. Under federal law, LBB is therefore a citizen only of the State of Delaware. (*See* Home Owners' Loan Act, 12 U.S.C. §§ 1462(5), 1464(x) (stating that a federal savings bank "shall be considered to be a citizen only of the State in which [it] has its home office").) LBB is a subsidiary of LBHI.

4.      LBHI is a Delaware corporation with its principal place of business in New York.

5.      ComUnity is a California corporation with its principal place of business in Morgan Hill, California.

## JURISDICTION

6.      This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff Aurora and Defendant ComUnity, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant ComUnity resides in Santa Clara County, California.

## INTRADISTRICT ASSIGNMENT

8.      This claim arose in Santa Clara County, California as a substantial part of the events and/or omissions which gave rise to the claims occurred in Santa Clara County, California.

- 2 -

231541

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FACTUAL ALLEGATIONS**

9.     Aurora and Lehman engage in the purchase and sale of mortgage loans.

10.     Aurora is the authorized agent, servicer and/or master servicer for Lehman with respect to certain mortgage loans in which Lehman has an interest, including but not limited to the mortgage loans described in paragraph 15 below.

11.     Pursuant to the aforementioned agency and/or servicing relationship, Aurora is authorized and directed to enforce obligations owed to Lehman by parties selling mortgage loans in which Lehman has an interest, including but not limited to the selling party's repurchase and indemnity obligations.

12.     ComUnity engages in mortgage lending, as well as the sale of mortgage loans in the secondary market to investors such as Lehman.

13.     Between June 10, 1998, and May 19, 2004, ComUnity entered into several written Loan Purchase Agreements with Lehman and Aurora, including the Loan Purchase Agreements dated May 19, 2004 (the "Agreements"). The Agreements specifically incorporate the terms and conditions of the Aurora Seller's Guide, which sets forth additional duties and obligations of ComUnity.

14.     Each of the Agreements and the Seller's Guide sets forth the duties and obligations of the parties with respect to the purchase and sale of mortgage loans, including but not limited to purchase price, delivery and conveyance of the mortgage loans and mortgage loan documents, examination of mortgage loan files and underwriting, representations and warranties concerning the parties and individual mortgage loans purchased or sold, and remedies for breach.

15.     ComUnity sold a number of mortgage loans to Lehman under the Agreements and Seller's Guide, including the loans numbered 1 through 26 on **Exhibit A**, attached hereto and incorporated by reference herein.

**A.     Representations, Warranties and Covenants**

16.     With respect to each of the loans sold to Lehman under the Agreements and Seller's Guide, ComUnity made a number of representations, warranties and covenants concerning the mortgage loans including with respect to, without limitation:

- 3 -

Complaint

231541

(a)   the validity of all mortgage loan documentation;

(b)   the accuracy and integrity of all information and documentation regarding borrower identity, income, employment, credit, assets, and liabilities used in making the decision to originate the mortgage loans;

(c)   occupancy by the borrower of the property securing the mortgage loan;

(d)   the ownership, nature, condition, and value of the real property securing the respective mortgage loans; and

(e)   the conformance of the mortgage loans with applicable underwriting guidelines and loan program requirements.

17.   ComUnity also represented and/or warranted that no error, omission, misrepresentation, negligence, fraud, or similar occurrence took place with respect to the mortgage loans by any person involved in the origination of the mortgage loans, and that no predatory or deceptive lending practices were used in the origination of the mortgage loans.

18.   With respect to itself, ComUnity represented and/or warranted that it has the ability to perform its obligations under, and satisfy all requirements of, the Agreements and Seller's Guide.

19.   With respect to certain mortgage loans purchased from ComUnity, Aurora discovered material problems with those loans and that ComUnity had breached representations, warranties and/or covenants under the Agreements and Seller's Guide concerning the mortgage loans, including but not limited to those set forth in paragraphs 16 and 17 above.

20.   More specifically, with respect to loans numbered 21 through 26 on **Exhibit A**, attached hereto and incorporated by reference herein, ComUnity breached one or more of the representations, warranties and/or covenants under the Agreements and Seller's Guide.

21.   Aurora provided ComUnity with written notice concerning ComUnity's various breaches of the representations and warranties with respect to the loans referenced in paragraph 20 above.

22.   The Agreements and Seller's Guide provide that in the event of a breach of the representations, warranties and/or covenants, Lehman and Aurora may demand that ComUnity repurchase the loans and/or indemnify Lehman and Aurora, and ComUnity shall repurchase the

- 4 -
231541

1  loans at a certain repurchase price and/or indemnify Lehman and Aurora. Aurora has demanded

2  that ComUnity repurchase the mortgage loans referenced in paragraph 20 above at the specified

3  repurchase price.

4      23.    ComUnity has refused, and continues to refuse, to repurchase the mortgage loans, to

5  indemnify Lehman and Aurora, or otherwise to comply with its obligations under the Agreements

6  and Seller's Guide with respect to the loans referenced in paragraph 20 above.

7  **B.    Early Payment Defaults**

8      24.    The Agreements and Seller's Guide further specify that Lehman or Aurora may

9  demand that ComUnity repurchase at a certain repurchase price, and that ComUnity shall

10 repurchase at that price, mortgage loans that become Early Payment Defaults.

11     25.    A loan becomes an Early Payment Default under the Agreements and Seller's Guide

12 if the borrower fails to make the first or second monthly payment due within 30 days of each such

13 monthly payment's respective due date.

14     26.    Certain loans that Lehman purchased from ComUnity became Early Payment

15 Defaults. More specifically, with respect to the loans numbered 1 through 20 on **Exhibit A**,

16 attached hereto and incorporated by reference herein, the borrower failed to make the first and/or

17 second payment within 30 days of the due dates for those payments.

18     27.    Aurora provided ComUnity with written notice concerning the fact that the loans

19 referenced in paragraph 26 above became Early Payment Defaults and demanded that ComUnity

20 repurchase those mortgage loans.

21     28.    ComUnity has refused, and continues to refuse, to repurchase the mortgage loans, to

22 indemnify Lehman and Aurora, or otherwise to comply with its obligations under the Agreements

23 and Seller's Guide with respect to the loans referenced in paragraph 26 above.

24                **FIRST CLAIM FOR RELIEF**

25                (Breach of Contract – Damages)

26     29.    Aurora and Lehman hereby repeat and reallege the allegations of paragraphs 1

27 through 28 of this Complaint as if fully set forth herein.

28     30.    Each of the Agreements and Seller's Guide is a valid and enforceable contract that is

- 5 -
Complaint

231541

1  binding upon ComUnity.

2      31.    Lehman, Aurora and any and all assignees of Lehman's rights have substantially

3  performed all of their obligations under the Agreements and Seller's Guide.

4      32.    As set forth herein, ComUnity has breached the respective Agreements and Seller's

5  Guide by (a) breaching the representations, warranties and/or covenants, (b) refusing or otherwise

6  failing to repurchase the mortgage loans affected by the breached representations, warranties and/or

7  covenants, and/or refusing to indemnify Lehman and Aurora, and (c) refusing or otherwise failing

8  to repurchase the mortgage loans that have become Early Payment Defaults, and/or refusing to

9  indemnify Lehman and Aurora.

10     33.    With regard to the mortgage loans that ComUnity has failed to repurchase and for

11  which it has failed to provide indemnification, ComUnity's breaches of the Agreements and

12  Seller's Guide resulted in actual and consequential damages in an amount to be proven at trial.

13                              **SECOND CLAIM FOR RELIEF**

14                              (Breach of Contract – Damages)

15     34.    Aurora and Lehman hereby repeat and reallege the allegations of paragraphs 1

16  through 33 of this Complaint as if fully set forth herein.

17     35.    ComUnity also represented and warranted that it was able to perform each of its

18  obligations under the Agreements and the Seller's Guide, which includes the ability to repurchase

19  mortgage loans upon demand.

20     36.    On December 21, 2007, ComUnity informed Aurora by letter that "in light if [its]

21  financial situation, [ComUnity] is unable to honor any repurchase demand."

22     37.    As set forth herein, ComUnity has breached the respective Agreements and Seller's

23  Guide by (a) breaching the representations, warranties and/or covenants, (b) refusing or otherwise

24  failing to repurchase the mortgage loans affected by the breached representations, warranties and/or

25  covenants, and/or refusing to indemnify Lehman and Aurora, and (c) refusing or otherwise failing

26  to repurchase the mortgage loans that have become Early Payment Defaults, and/or refusing to

27  indemnify Lehman and Aurora.

28     38.    With regard to the mortgage loans that ComUnity is unable to repurchase,

- 6 -
Complaint

1 ComUnity's breaches of the Agreements and Seller's Guide resulted in actual and consequential

2 damages in an amount to be proven at trial.

3                              **THIRD CLAIM FOR RELIEF**

4                          (Breach of Contract – Specific Performance)

5        39.    Aurora and Lehman hereby repeat and reallege the allegations of paragraphs 1

6 through 38 of this Complaint as if fully set forth herein.

7        40.    In the alternative, Plaintiff seeks specific performance.

8        41.    Each of the Agreements and Seller's Guide constitutes a valid and enforceable

9 contract that is binding upon ComUnity.

10       42.    The contractual repurchase provisions are definite.

11       43.    The Agreements and Seller's Guide are just and reasonable.

12       44.    Aurora and all assignees have performed fully all of their obligations under the

13 Agreements and Seller's Guide.

14       45.    ComUnity is able to perform its obligations under the Agreements and Seller's

15 Guide.

16       46.    As set forth herein, ComUnity has breached the respective Agreements and Seller's

17 Guide by (a) breaching the representations, warranties and/or covenants, (b) refusing or otherwise

18 failing to repurchase the mortgage loans affected by the breached representations, warranties and/or

19 covenants, and/or refusing to indemnify Lehman and Aurora, and (c) refusing or otherwise failing

20 to repurchase the mortgage loans that have become Early Payment Defaults, and/or refusing to

21 indemnify Lehman and Aurora.

22       47.    Due to the unique and specific nature of mortgage loans intended for securitization

23 and the real property securing the mortgage loans, Plaintiff has no adequate remedy at law for

24 redress of ComUnity's breaches of the representations, warranties and/or covenants and its

25 obligation to repurchase loans that have become Early Payment Defaults.

26       48.    Plaintiff is therefore entitled to an Order of this Court requiring specific performance

27 by ComUnity of its repurchase obligations under the Agreements.

28 ///

231541

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant, as follows:

    (a)    For all damages arising from or relating to ComUnity's breaches of contract, in an amount to be proven at trial;

    (b)    For a decree of specific performance requiring ComUnity to immediately repurchase all of the mortgage loans identified in **Exhibit A**, for which repurchase is a viable option, pursuant to the Agreements and Seller's Guide;

    (c)    For an Order of this Court declaring that:

        (i)    ComUnity is required to repurchase immediately from Lehman and Aurora the mortgage loans identified in **Exhibit A** for which repurchase is a viable option.

        (ii)    ComUnity is required to compensate Lehman and Aurora immediately for all actual and consequential damages resulting from ComUnity's breaches of the representations, warranties and/or covenants and Early Payment Default provisions of the Agreements and Seller's Guide.

    (d)    For recoverable interest;

    (e)    For the costs and expenses of suit incurred by Aurora herein, including attorneys' fees and costs and expert witness fees;

    (f)    For such other relief as this Court deems just and proper.

Dated: December 27, 2007

                         SMITH DOLLAR PC

                         By _____
                            Rachel M. Dollar
                            Attorneys for Aurora Loan Services, LLC

231541